**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ARTAVIOUS LOVE, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BUREAU OF PRISONS, *et al.*,**<br><br>**Defendants.** | ) | **Case No. 24-cv-2571 (APM)** |

**ORDER**

In an order entered on July 31, 2026, the court asked the parties to submit supplemental briefing on the question of mootness. Order, ECF No. 60, at 2. Specifically, the court asked whether Plaintiffs' request for permanent injunctive relief is moot—therefore making the entire case moot—by virtue of Defendant Bureau of Prisons' (BOP) adoption of a "policy waiver" on July 21, 2026, which directs that the criminal history scores of all incoming and presently incarcerated D.C. Code offenders be scored or rescored in the same manner as federal offenders under the U.S. Sentencing Guidelines. *Id.* at 1. The policy waiver will expire on July 21, 2027. *See* Decl. of Joel Roman, ECF No. 63-1 [hereinafter Roman Decl.], ¶ 11. In a sworn declaration by Joel Roman, Section Chief in the BOP's Designations and Sentence Computation Center, the BOP represents that (1) it has no intent to the revert to the inequitable policy that this court vacated as to the plaintiff class; (2) it is in the process of issuing a new Program Statement that will contain the policy waiver's scoring methodology; and (3) if the Program Statement is not final by July 21, 2027, it intends to renew the policy waiver. *See id.* ¶¶ 1, 9–11. The BOP argues that the combination of the policy waiver and the sworn representations of the BOP's declarant render

Plaintiffs' request for permanent injunctive relief moot. *See* Def.'s Suppl. Br., ECF No. 63, at 3–4. Plaintiffs counter that the BOP has not met the high burden for demonstrating mootness under the voluntary cessation doctrine. Pls.' Br. Opposing Mootness, ECF No. 64, at 1–4.

The court agrees with Plaintiffs. The BOP's policy waiver alone does not render the case moot as it is not permanent. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (holding that six-month moratorium on carotid-artery chokeholds except when deadly force is authorized did not moot case because it was "not permanent"). The addition of the sworn Roman Declaration does not change the calculus. In *United States v. W.T. Grant Co.*, for example, the Supreme Court held that the defendants' "disclaime[r] [of] any intention to revive" the unlawful conduct was not enough to establish mootness. 345 U.S. 629, 633 (1953). "Such a profession," the Court explained, "does not suffice to make a case moot although it is one of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts." *Id.* The same is true here. Roman does no more than express the BOP's "intent" to continue score D.C. Code offenders consistent with the policy waiver and to ultimately memorialize that approach in a Program Statement. Roman Decl. ¶¶ 9, 11. That is little more than a "promise not to" resurrect the unlawful policy. *Kifafi v. Hilton Hotels Ret. Plan*, 701 F.3d 718, 725 (D.C. Cir. 2012). Such promise is not enough to make it "'absolutely clear' the [disparate treatment of D.C. Code offenders] could not reasonably be expected to recur." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Plaintiffs' request for permanent injunctive relief—and this case—therefore is not moot.

Still, the BOP's intent not to revert to its old ways is a relevant consideration in whether to grant Plaintiffs forward-looking injunctive relief. *See W.T. Grant*, 345 U.S. at 633. Plaintiffs seek to compel the BOP to "scor[e] individuals with D.C. Code convictions entering BOP custody using

the scheme set forth in the U.S. Sentencing Guidelines" and "re-score all class members' criminal history score using the scheme set forth in the Sentencing Guidelines." Compl., ECF No. 1, at 32. That is what the BOP is already doing on an interim basis and says it will make permanent. Given this present posture, and in the interests of conserving the court's and the parties' resources, the court agrees with Plaintiffs that holding their request for permanent injunctive relief in abeyance until July 22, 2027—one day after the policy waiver expires—is the sensible course.

Accordingly, the court will stay this matter until that date. By no later than July 15, 2027, the parties shall update the court on the BOP's progress in adopting a permanent revised scoring policy and propose a schedule for further proceedings, if necessary.

Dated: November 13, 2026

Amit P. Mehta
United States District Judge